■■■ In the Matter of ELIJAH TEZENO, Petitioner, v CITY OF WATERTOWN et al., Respondents. [829 NYS2d 341]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Jefferson County [Joseph D. McGuire, J.], entered July 19, 2006) to review a determination of respondent City of Watertown Municipal Civil Service Commission. The determination terminated petitioner's employment with respondent City of Watertown.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this CPLR article 78 proceeding, petitioner challenges the determination of respondent City of Watertown Municipal Civil Service Commission (Commission) terminating his employment as a firefighter with respondent City of Watertown. Contrary to the contentions of petitioner, the Commission's determination finding that he intentionally made false statements of material fact in his applications is supported by substantial evidence (*see Matter of Brennan v City of White Plains*, 259 AD2d 748 [1999]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]). Further, because the false statement made in petitioner's firefighter application alone constitutes a violation of Civil Service Law § 50 (4) (f) (*see Brennan*, 259 AD2d 748 [1999]), we need not reach petitioner's remaining contention. Finally, the penalty of termination is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Waldren v Town of Islip*, 6 NY3d 735, 736-737 [2005]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.